**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIN MIKHAYLOVICH
GEORGESHAN,

              Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 11-70338

Agency No. A076-065-607

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Marin Mikhaylovich Georgeshan, a native and citizen of Moldova, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decisions ordering him removed and

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings, for abuse of discretion the denial of a motion to reopen, and de novo questions of law and claims of due process. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA properly determined that Georgeshan is ineligible for asylum because of his aggravated felony conviction. *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010).

Substantial evidence supports the BIA's denial of withholding of removal because Georgeshan did not establish past persecution, or that it is more likely than not he will suffer future persecution on account of his Pentecostal religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1016, 1018 (9th Cir. 2003); 8 C.F.R. § 1208.16(b). In addition, substantial evidence supports the BIA's conclusion that the retaliation Georgeshan fears from his cousin in Moldova does not establish his eligibility for withholding of removal. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) (personal dispute by itself is not grounds for withholding of removal).

Substantial evidence also supports the BIA's denial of relief under the Convention Against Torture because Georgeshan failed to establish it is more

likely than not he will be tortured by or with the acquiescence of a government official if returned to Moldova. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

The BIA properly determined that Georgeshan is ineligible to adjust his status because Georgeshan had previously adjusted his status to that of a lawful permanent resident ("LPR") and therefore cannot "re-adjust" his status to that of an LPR under section 209 of the Immigration and Nationality Act, 8 U.S.C. § 1159, to avoid removal. *See Robleto-Pastora,* 591 F.3d at 1058-62.

The agency did not abuse its discretion in denying Georgeshan's motion to reopen based on ineffective assistance of counsel where Georgeshan failed to establish prejudice resulting from the alleged errors of his former counsel. *See Mohammed*, 400 F.3d at 793-94 (a petitioner must establish prejudice to prevail on an ineffective assistance claim).

Georgeshan's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**